Argued and submitted July 11, reversed and remanded September 13, 1995

In the Matter of the Marriage of

Dolores Ann Nelson KERR,
kna Berry,
*Respondent,*
*and*

Donald Glen KERR,
*Appellant.*

(8681; CA A84288)

902 P2d 610

Clayton C. Patrick argued the cause for appellant. With him on the brief was Patrick & Meadowbrook.

William R. Kirby argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Husband appeals from a post-dissolution of marriage order. ORS 19.010(2)(c). He assigns error to the trial court's establishment of a value of $71,000 for the parties' former family residence. On *de novo* review, ORS 19.125(3), we reverse.

Husband's and wife's marriage was dissolved in 1983. The dissolution judgment made the following disposition of the family residence and the surrounding 14 acres:

"Real Property. [Wife] should receive the real property and trailer located thereon, known as Route 1, Box 127, Wallowa, Oregon, as her residence until said property is sold. When the property is sold, [wife] shall be paid from July 19, 1982, all sums out of the equity of the house that she made for house payments, including principal, interest, taxes, and insurance. Donald Wayne Kerr, her father-in-law, should also receive $5,000.00 which he loaned the parties for their down payment on the home. After the above sums are deducted, the balance of the equity should be split among the parties."

In November 1993, husband petitioned the court to order wife to sell the property pursuant to the 1983 judgment. Before that time, a third party had offered $87,500 to purchase the property, and wife had refused to accept the offer. After hearing testimony, the trial court ordered that the property be appraised and be sold at plus or minus 10 percent of the appraised value. On sale, the parties were to divide the sales proceeds after deductions for debts owed to third parties and to each other. Wife offered to purchase husband's interest in the property based on a total value of $56,500. The offer was based on an appraisal done by an appraiser hired by wife. Husband rejected the proposal, and the matter was continued until April 1994. In April the court held a hearing and, after considering the evidence, found the value of the property to be $71,000 and allowed wife to purchase the other interests in the property based on that valuation. Husband appealed.

■ Husband argues that the trial court erred in establishing the property's value at $71,000, because the most persuasive evidence of its fair market value is the $87,500 offer. In determining the fair market value of real property, our inquiry focuses on the price that a hypothetical willing buyer would pay a hypothetical willing seller. *Tofte and Tofte,*

134 Or App 449, 457, 895 P2d 1387 (1995). We turn to the evidence on that issue.

In November 1993, husband listed the property for sale with a realtor. The listed price was $119,000. On November 11, 1993, the offer to purchase the property for $87,500 was made, which was rejected by wife. The offer scheduled closing for April 1, 1994,[1] and was contingent on the buyer and the property qualifying for financing. The property was also appraised in April 1994 by a licensed appraiser hired by husband. He valued the acreage at $72,750, with a total value of $80,000 for the property. He opined that the $87,500 offer "is within the zone of possible value for the subject property." During the November hearing, husband called a local realtor as a witness. The witness was the owner-broker of a real estate firm in Joseph and had worked as a realtor for 12 years. When asked about her opinion of the fair market value of the property, she noted, "Well, property has gone up so much in the last year that I'll give it my best shot." Based on comparable properties that had been sold, she placed the value of the property between $85,000 and $95,000. She acknowledged that not all lenders would be willing to finance the property because of the age of the trailer on the property, but testified that there were "several" lenders that would make such loans at a higher interest rate.

In the light of the above evidence, we disagree with the trial court's valuation of $71,000 and the opinion of the appraiser hired by wife that the property has a fair market value of $56,500. The preponderance of the evidence establishes a value in excess of $80,000. The $87,500 offer is supported by competent evidence that suggests that the fair market value of the property is in that range. Accordingly, husband is entitled to an order requiring that the property be listed for sale for at least that amount and that the parties sign all necessary documents to effectuate a sale. However, wife shall be permitted to purchase the property within 45 days from the issuance of such an order based on a fair market value of $87,500 and subject to an accounting between the

---

[1] Wife does not assign error to the admission of evidence about the third-party offer. *See Highway Com. v. Central Paving Co.*, 240 Or 71, 77, 399 P2d 1019 (1965) (holding that evidence of offer to purchase property in question in condemnation proceeding was not admissible to establish value).

parties and third parties as contemplated by the trial court's original order.

Reversed and remanded. Costs, not including attorney fees, to husband.